UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
AT KNOXVILLE

Laura Lee Ausmus, )
 )
    *Plaintiff*, )
 )
v. ) Docket No. 3:13-CV-548
 )
Highway 63 Storage, and )
Shelly Belle Mills, )
 )
    *Defendants*. )

## MEMORANDUM AND ORDER

After discovering the contents of her storage units missing, plaintiff Laura Lee Ausmus brought this action against Shelly Belle Mills and Highway 63 Storage for conversion, breach of contract, and violation of the Tennessee Consumer Protection Act. Presently before the Court is defendant Shelly Mills' motion to dismiss. For the reasons that follow, the defendant's motion to dismiss will be denied.

### I. Factual Background

In 1997, Ms. Ausmus, a Kentucky resident, entered into a rental agreement for a storage unit at Highway 63 Storage in Harrogate, Tennessee. Ms. Ausmus and Ms. Mills, a Tennessee resident and part owner of Highway 63, each signed the agreement. Shortly thereafter, the parties agreed to a lease for a second unit at another storage facility owned by Ms. Mills. Ms. Ausmus filled both units with "all possessions she had accumulated during 18 years of marriage, including but not limited to furniture for a 3 bedroom home." Due to the value of the storage

units' contents, Ms. Mills offered to double lock both storage units. Ms. Mills had keys to all four locks.

In February 2013, Ms. Ausmus paid her rent in cash through May 2013, and she told Ms. Mills she would pay June rent upon return from a vacation in June. Ms. Ausmus last observed her belongings in the storage unit in late May 2013. Ms. Ausmus discovered her items were gone in the first week of August when she tried (unsuccessfully) to access her units. Ms. Mills told her, "Oh, they were wiped out. Someone stole everything." Ms. Mills said the units were rented to new people in the first week of June 2013. Ms. Mills never filed a police report concerning the alleged theft. On August 8, 2013, Ms. Ausmus filed a police report, and the detective investigating the case interviewed Ms. Mills, who told him Ms. Ausmus had failed to comply with the lease.

Ms. Ausmus later learned Ms. Mills had contacted a man named Ronald Mabes in June 2013, told him the tenant leasing Ms. Ausmus' units was in default, and sold the contents of the units to him. According to Ms. Ausmus, Ms. Mills failed to comply with the Tennessee Self-Service Storage Facility Act's mandatory notice, demand, and sale procedures. Tenn. Code Ann. §§ 66-31-101 *et seq*. Ms. Mills never accounted for the amount received from Mr. Mabes; paid over any overage above the amount; or even communicated to Ms. Ausmus that she was behind on rent and subject to a lien and possible auction of the contents of the units. To the contrary, Ms. Mills simply told Ms. Ausmus everything had been stolen.

In September 2013, Ms. Ausmus brought this action against Ms. Mills and Highway 63 Storage for conversion, breach of contract, breach of fiduciary duty, and willful violations of the Tennessee Consumer Protection Act. Ms. Mills has moved to dismiss on the contention that she

2

is not a proper party to this action.  She contends her interest in Highway 63 Storage was transferred to Michal Mills in July 2012 pursuant to a final judgment in their divorce.

## II. Standard of Review

Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure require the complaint to articulate a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This requirement is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of the plaintiff's claims that would entitle the plaintiff to relief.  *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990) *cert. denied,* 498 U.S. 867 (1990).

The court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations.  *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses).  The court must liberally construe the complaint in favor of the party opposing the motion.  *Id.*  However, the complaint must articulate more than a bare assertion of legal conclusions.  *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Id.* (citations omitted).

3

### III. Discussion

Ms. Mills argues she does not own or operate Highway 63 Storage. According to her affidavit, any interest she had in Highway 63 Storage was divested under a marriage dissolution agreement and transferred to her ex-husband on July 2, 2012. Thus, her argument concludes, "the Complaint not only fails to state a claim for which relief can be granted but there is no jurisdiction, personal or subject matter, existing in this Court as to Defendant Mills."

The defendant provides no argument or support for her contention that the Court lacks jurisdiction and should dismiss her under Rules 12(b)(1) or 12(b)(2). Complete diversity of citizenship exists, and the plaintiff has pled damages in excess of the statutory minimum under 28 U.S.C. § 1332. Accordingly, the defendant's 12(b)(1) motion will be denied.

Specific personal jurisdiction exists when a defendant purposefully avails itself "of the privilege of conducting business within the forum state, thereby invoking the benefits and protections of the forum state's laws." *See, e.g., Vanderbilt Mortg. and Finance, Inc. v. Franklin Financial Corp.*, 2011 WL 1430226, at *3 (E.D. Tenn. April 14, 2011) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985)). The defendant does not dispute she conducted business in Tennessee, the forum state, thereby invoking the benefits and protections of Tennessee law. Moreover, the actions giving rise to the present suit occurred in Tennessee. Accordingly, the defendant's 12(b)(2) motion will be denied.

Finally, there is no reason to conclude Ms. Ausmus has failed to state a claim under Rule 12(b)(6) solely because Ms. Mills does not own Highway 63. Ms. Ausmus did not assert claims solely against Highway 63 Storage. She has also sued Shelly Mills personally. According to the complaint, Ms. Mills signed the rental contract, accepted all rent payments, and, after she allegedly transferred her interest in the company to her ex-husband, Ms. Mills sold the contents

of Ms. Ausmus' units to Mr. Mabes and falsely informed her that the contents had been stolen. The fact that Ms. Mills may no longer own Highway 63 Storage does not absolve her of personal liability for her alleged actions. Accordingly, her 12(b)(6) motion will be denied.

### IV. Conclusion

For the foregoing reasons, Shelly Belle Mills' motion to dismiss [Docket No. 5] is **Denied**.

**It is so ORDERED.**

_____
UNITED STATES DISTRICT JUDGE