UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LAURA LEE AUSMUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-548-PLR-HBG |
| | ) | |
| HIGHWAY 63 STORAGE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's "Response to Show Cause Order and Motion for Leave to Conduct Jurisdictional Discovery," [Doc. 9], in which Plaintiff moves the Court to permit limited discovery and deny the Defendants' Motion to Dismiss.

On July 7, 2014, the District Judge entered a Memorandum and Order denying Defendants' Motion to Dismiss. Thus, to the extent Plaintiff moved the Court to delay a decision on the Motion to Dismiss until discovery was permitted, this request is now moot. Therefore, the Motion for Leave to Conduct Jurisdictional Discovery **[Doc. 9]** is **DENIED AS MOOT**.

Rule 26 of the Federal Rules of Civil Procedure requires that the parties conduct a discovery conference "as soon as practicable," and that they, thereafter, file a discovery plan with the Court. Fed. R. Civ. P. 26(f). This case has been pending almost a year, but the parties have not filed a discovery plan in the record. Thus, it appears that the parties have failed to comply with Rule 26. Accordingly, the parties are **ORDERED**: (1) to provide their initial disclosures under Fed. R. Civ. P. 26(a)(1)(A) to counsel for the opposing party on or before

**September 1, 2014**; (2) to conduct their discovery conference pursuant to Fed. R. Civ. P. 26(f)(1) on or before **September 15, 2014**; and (3) to file their discovery plan pursuant to Fed. R. Civ. P. 26(f)(3) in the record on or before **October 1, 2014**.

    **IT IS SO ORDERED.**

                          ENTER:

                          _____
                          United States Magistrate Judge